Eastern Gas and Fuel Associates, Alleged Transferee of The Koppers Coal Company v. Commissioner.
Eastern Gas & Fuel Assocs. v. Commissioner
Docket No. 4570.
United States Tax Court
1946 Tax Ct. Memo LEXIS 148; 5 T.C.M. (CCH) 536; T.C.M. (RIA) 46151; June 28, 1946
*148 Held, that petitioner is liable as transferee of The Koppers Coal Company for such deficiencies as are found against such taxpayer for the years 1936 and 1937 in its proceeding under Docket No. 108492. John E. McClure, Esq., Edward L. Updike, Esq., 920 Southern Bldg., Washington, D.C., and D. P. Moyers, Esq., for the petitioner. J. Harrison Miller, Esq., for the respondent. LEECH
Memorandum Opinion LEECH, Judge: Respondent has determined liabilities upon the part of petitioner, alleged transferee of The Koppers Coal Company, representing alleged deficiencies in income and unjust enrichment taxes due from The Koppers Coal Company for the years 1936 and 1937, as follows: Income Tax
Years
Liability
Assessed
Deficiency
Penalty
1936
$133,413.43
$ 72,716.60
$ 60,696.83
1937
228,258.94
80,670.50
147,588.44
Total
$361,672.37
$153,387.10
$208,285.27
Unjust Enrichment Tax
1936
$ 24,403.39
None
$ 24,403.39
1937
500.32
None
500.32
$125.08
Total
$ 24,903.71
None
$ 24,903.71
$125.08
The returns for The Koppers Coal Company for the years 1936 and 1937 were filed with the collector of internal revenue for *149 the 23rd district of Pennsylvania at Pittsburgh, Pennsylvania, and the petitioner herein is a Massachusetts Voluntary Association with principal place of business at 250 Stuart Street, Boston, Massachusetts, it having, on December 31, 1941, as sole stockholder of The Koppers Coal Company, received all the assets and liabilities of that company in liquidation under section 112 (b) (6) of the Internal Revenue Code. Eighteen issues are framed by the pleadings. Of these all but one are identical with the issues presented in the proceeding, The Koppers Coal Company, Docket No. 108492. The additional issue in this proceeding raises the question of petitioner's liability as transferee for a deficiency due from The Koppers Coal Company, but on the hearing the parties stipulated that petitioner is liable as transferee for any deficiency due. It will thus be seen that with the issue of transferee liability stipulated, the issues remaining are those presented to and decided by us in The Koppers Coal Company, Docket No. 108492, as that proceeding involved the identical deficiencies in tax here asserted against this petitioner, as transferee. In view of these conditions *150 the parties upon the hearing have stipulated that the Stipulations of Fact and Findings of Fact upon the issues in The Koppers Coal Company, Docket No. 108492, shall be adopted as the Findings of Fact in this proceeding and that decision shall be entered herein determining liabilities of this petitioner in the amounts of such deficiencies, if any, as are determined upon the computation under Rule 50 made in accordance with our Findings of Fact and Opinion in that proceeding. Decision will be entered of liabilities in such amounts, if any, for 1936 and 1937, as are found due as tax deficiencies in the decision entered in The Koppers Coal Company, Docket No. 108492.